

1250 Broadway, 27th Floor, New York, NY 10001
tel. 212-619-5400 • fax 212-619-3090
www.nfllp.com

June 27, 2020

Hon. Phillip M. Halpern
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

      Re: *Pateman v. City of White Plains*
        Index No. 17 CV 6156

Your Honor:

  This is in response to the letter, dated June 26, 2020, (Dkt 91) from counsel for Defendants regarding a discovery dispute. Essentially, Defendants are seeking an order compelling discovery.

  As a threshold matter, we note that Defendants have failed to comply with the Court's Individual Practices, (2)(D), requiring "strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer rule."' On June 26th, counsel for the Defendants advised us that they were going to file a letter with the Court regarding this dispute. Prior to filing the letter, we advised counsel that such a letter would be premature inasmuch as they had not complied with the meet and confer rule and offered to discuss the dispute with them on June 29, 2020. Defense counsel replied that given the emails between counsel the rule had been satisfied and proceeded to file the June 26th letter. We do not believe that email exchanges take the place of a meet and confer conversation. The very purpose of the meet and confer rule is to avoid unnecessarily burdening the Court with a dispute that could be resolved by the parties. We remain available to meet and confer on June 29th or any day thereafter to address the Defendants' concerns. Accordingly, we request that the Court order Defendants to meet and confer regarding the dispute herein.

  Regarding the dispute, Defendants contend that we have refused to provide additional documentation regarding Mr. Pateman's income and business activity, including W-2, K-1, and 1099 forms. In fact, the authorization for Plaintiff's 2018 tax returns expressly provides that in addition to the tax return, the authorization includes "all attachments originally submitted to the IRS, including Form(s) W-2."

  With respect to the medical issues raised by counsel, we declined, in an email, to agree to require Plaintiff to submit to a number of additional IMEs without any limitations. We are concerned, during this time of a global pandemic, with forcing Mr. Pateman, who is an elderly man with underlying medical conditions, to be subjected to multiple additional IMEs and a

deposition without, *inter alia*, provisions to address the health and safety concerns of Mr. Pateman and counsel.

We have provided supplemental authorizations regarding Plaintiff's additional medical procedures and are prepared to discuss further steps that can be taken to address Defendants' need for additional information. However, instead of having such a conversation, Defendants, once again, have sought to end run the Court's rules and the Federal Rules of Civil Procedure. *See Dkt 86, 87*. We simply urge the Court to direct the Defendants and their counsel to comply with the rules before seeking the Court's intervention.

Very truly yours,

NEWMAN FERRARA, LLP

s/Randolph M. McLaughlin
Randolph M. McLaughlin
Debra S. Cohen

---

The Court directs the parties to meet and confer on this issue by July 7, 2020. By July 9, 2020, the parties shall submit a joint letter via ECF to inform the Court whether the Court's intervention is required. If, after the meet and confer, the parties determine that the Court's intervention is required, the Court shall hold a pre-motion conference on July 14, 2020 at 12:00 p.m. At the time of the scheduled conference, all parties shall call (888) 398-2342; access code: 3456831. The Clerk is instructed to terminate ECF No. 91.

**SO ORDERED.**

Dated: New York, NY
       June 10, 2020

_____
Philip M. Halpern, U.S.D.J.