**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

Lalit K. Loomba, Esq.
Direct dial: (914) 872-7118
lalit.loomba@wilsonelser.com

February 5, 2021

**By ECF**

Hon. Philip M. Halpern
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

**Re**: Charles Pateman v. The City of White Plains, et al., Index No. 17 CV 6156 (PMH)
Our File No. 00479.06449

Dear Judge Halpern:

Wilson Elser represents the City of White Plains (the "City"), Lt. Edward Robinson, Sgt. LaValle Larrier and P.O. Paul Wenzel (collectively, "defendants") in the referenced action. We are writing, pursuant to Section 3932 of the Servicemembers Civil Relief Act, 50 U.S.C. §3901 *et seq.* ("SCRA"), to seek a stay of the trial in this action.

Preliminary Statement

Officer Wenzel retired from the White Plains Police Department on October 4, 2017, and is currently a Captain in the United States Army Reserve. As of March 24, 2021, Captain Wenzel will be on an active military service assignment. As detailed below, and in the attached memo from his commanding officer, Captain Wenzel's active military duty assignment will make it impossible for him to attend a civil trial in this action until September 2021. Plaintiff asserts state and federal claims of excessive force as well as various claims of negligence against Officer Wenzel and seeks to hold the City liable under the doctrine of *respondeat superior*. As a result, the trial of this action should be stayed as to both Captain Wenzel and the City. In addition, because Captain Wenzel played an active role in nearly every aspect of the underlying incident, his absence from trial would prejudice the other individual defendants and, accordingly, the trial should be stayed as to each of the defendants.

Argument

Section 3932 of the SCRA applies to any civil action in which a defendant "is in military service" at the time of an application for a stay. 50 U.S.C. §3932(a). The statute provides that "[a]t any stage before final judgment in a civil action . . . in which a servicemember [is in military service] the court may on its own motion and *shall*, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met." *Id.* at §3932(a) (emphasis added). Paragraph 2, in turn, provides as follows: "An application for a stay under paragraph (1) shall include the following:

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

8648744v.1

Hon. Philip M. Halpern
February 5, 2021
Page 2

    (A)    A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

    (B)    A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. §3932(b)(2).

"[C]ourts have held that the provisions of the SCRA are to be 'liberally construed' and applied in a 'broad spirit of gratitude towards service personnel.'" *Galgano v. County of Putnam,* 2016 U.S. Dist. LEXIS 202480, at *4 (S.D.N.Y. Nov. 15, 2016) (citations omitted). As a result, "courts ae encouraged to 'exercise extreme caution in withholding the protection' of the Act." *Id.* (citation omitted). Moreover, while a stay issued under the SCRA does not necessarily apply to co-defendants who are not in active military service, where the military service defendant as to whom a stay is mandatory played an active role in the events or incidents at issue -- and, as a result, the non-military defendants would be prejudiced by the absence of that party -- the stay should be extended to all defendants. *Id.* at *7, citing *Boone v. Lightner,* 319 U.S. 561, 570 (1943).

Here, as set forth in the accompanying memorandum from Captain Wenzel's commanding officer, Lieutenant Colonel Anthony W. Gray, Captain Wenzel has official orders to report for active military duty on March 24, 2021, and will not be available to appear in court until September 2021. *See* Ex. A. In addition, Captain Wenzel played central role in the facts and circumstances underlying this action. He participated and/or was present during: (i) plaintiff's arrest; (ii) when plaintiff allegedly was forced to the building lobby floor; (iii) when plaintiff was handcuffed allegedly too tightly; (iv) when plaintiff was driven to police headquarters; (v) when plaintiff waited at headquarters for an ambulance; and (vi) when plaintiff was transported to the hospital.

Given Captain Wenzel's active military duty assignment, as documented by his commanding officer, a stay of the trial as to Captain Wenzel is mandatory under Section 3932 of the SCRA. In addition, given Captain Wenzel's central role in the facts of this case, the other defendants would be prejudiced if the trial were to proceed in his absence.

Conclusion

The trial of his action should be stayed, pursuant to 50 U.S.C. §3932, as to all defendants until at least September 2021.

Respectfully submitted,

8648744v.1

Hon. Philip M. Halpern
February 5, 2021
Page 3

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*Lalit K. Loomba*

Lalit K. Loomba

Cc (via ECF):  Newman Ferrara LLP

---

By Order dated January 12, 2021, the Court directed the parties to submit their trial availability for the second quarter of 2021. (Doc. 110). On February 5, 2021, Defendants notified the Court that Defendant Wenzel will be on an active military assignment until September 2021 and requested that a trial date be scheduled for September 2021, at the earliest. (Doc. 111). Plaintiff filed opposition to Defendant's letter on February 10, 2021( Doc. 115) and Defendants filed a reply that same day (Doc. 116). The Court will submit a jury panel request form for the fourth quarter of 2021. Accordingly, the parties shall submit, by August 2, 2021, a letter notifying the Court of any dates that the parties are unavailable for trial between October 1, 2021 and December 31, 2021. The Clerk is instructed to terminate ECF Nos. 111 and 115.

SO ORDERED.

_____
Philip M. Halpern, U.S.D.J.

Dated: New York, NY
February 11, 2021

8648744v.1