UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

CHARLES M. PATEMAN,

               Plaintiff,

   vs.

THE CITY OF WHITE PLAINS, SERGEANT
LAVALLE LARRIER in his individual and
official capacities, POLICE OFFICER PAUL
WENZEL in his individual and official
capacities, LIEUTENANT EDWARD
ROBINSON in his individual and official
capacities,

               Defendants.

17-cv-06156 (PMH)

-------------------------------------------------------- x

## REVISED JOINT PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure ("F.R.C.P."), the parties

submit herewith their revised requests to the Court to give the following instructions to the jury,

in addition to such other generally applicable instructions that the Court may give.  Pursuant to

Rule 51(a)(2)(A), the parties reserve their respective rights to file supplemental jury instructions

after the close of the evidence.

## PARTIES

Plaintiff Charles Pateman brings this action against the City of White Plains, New York,

Sergeant Lavalle Larrier, Police Officer Paul Wenzel, and Lieutenant Edward Robinson.

## INSTRUCTION 71-2[1]
## ROLE OF THE COURT

You have now heard all of the evidence in the case as well as the final arguments of the

---

[1]  Instruction citations are to Sand, et al., *Modern Federal Jury Instructions: Civil* (2016), unless indicated
otherwise. These instructions are patterned after or adopted therefrom.

lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be or ought to be, it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**Authorities**: *The Patapso Insurance Co. v. Southgate*, 30 U.S. 604, 621, 8 L. Ed. 243 (1831); *Franks v. United States Lines Co.*, 324 F.2d 126 (2nd Cir. 1963).

## INSTRUCTION 71-3
## ROLE OF THE JURY[2]

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In

---

[2]  Adapted from the charges of Judge Weinfeld in *Mollica v. Compania Sud-America DeVaporea*, Civ. 65-60 (S.D.N.Y.).

8415607v.1

order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence.  Nor is what I may have said—or what I may say in these instructions—about a fact, an issue or evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence.  It is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed to be struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiff has proven his case, and Defendants have proven their affirmative defenses.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You should specifically understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice against any party.

## <u>INSTRUCTION 71-8</u>
## <u>COMMON COUNSEL</u>

Although the defendants in this trial are being represented by the same counsel, you are not to treat them as one person.  Each defendant is entitled to your separate consideration.  The question of whether liability has been proven is personal to each defendant and must be decided

by you as to each defendant individually.

## INSTRUCTION 71-10
## SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

**Authorities**: *In re Murchison*, 349 U.S. 133, 75 S. Ct. 623, 99 L. Ed. 942 (1955); *Joan W. v. City of Chicago*, 771 F.2d 1020 (7th Cir. 1985).

## INSTRUCTION 71-12
## PUBLICITY – PRELIMINARY STATEMENT[3]

There may be some media attention in the newspapers given to this case, or there may be some talk about it on the radio or television.  In addition, there may be some mention of the case in social media.  If there is media attention of any kind given to this case during the trial, you must insulate yourselves from all information about this case, except what comes to you in this courtroom through the rules of evidence.  So, when you turn on your cell phone, pick up the paper, turn on the radio or start your computer, if you see or hear something about the case, you must disregard it.  I will also tell you to avoid listening to or watching any radio or television discussion of the case.

---

[3] Adopted from Instruction 71-12.

### INSTRUCTION 71-13
### PUBLICITY—REMINDER

Let me remind you once again to avoid reading about the case in the newspapers or on the internet, watching any news concerning the case on television or listening to any radio accounts of the case. Please be mindful of my admonition that you must limit the information you get about the case to what comes to you in the courtroom through the rules of evidence.

**Authorities**: *United States v. Williams*, 809 F.2d 1072 (5th Cir.), *reh'g denied*, 817 F.2d 1136 (1987); *United States v. Herring*, 568 F.2d 1099 (5th Cir. 1978); *United States v. Polizzi*, 500 F.2d 856 (9th Cir. 1974), *cert. denied*, 419 U.S. 1120 (1975).

### INSTRUCTIONS 73-1; 73-2
### BURDEN OF PROOF
### PREPONDERANCE OF THE EVIDENCE

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.

The party who has the burden of proof on a particular issue has the burden of establishing his position on that issue by a preponderance of the evidence. If you conclude that the party who has the burden of proof on an issue has failed to establish his position by a preponderance of the evidence, you must decide against that party on that issue.

What does "preponderance of evidence" mean? A fact is established by a preponderance of the evidence when it is shown that the fact is more likely true than not true. Preponderance of the evidence means the greater weight of the evidence. You are to determine whether a fact is established by a preponderance of the evidence on the basis of the quality and persuasiveness of the evidence, not on the basis of the number of witnesses or exhibits. In determining whether a fact has been proved by a preponderance of the evidence, you should consider all of the relevant evidence. You should consider the relevant testimony of the witnesses, regardless of which party may have called them, and the relevant exhibits received in evidence, regardless of which party

may have introduced them.

What if you find that the credible evidence of a particular fact is evenly divided between the parties, that it is as equally probable that one side is right as it is that the other side is right? In that case you must decide that issue against the party who has the burden of proof.  This is because the party who bears the burden of proof must establish more than equality of evidence; he or she must prove the fact at issue by a preponderance of the evidence.  On the other hand, the party with the burden of proof is not required to prove more than a preponderance.  As long as you find that the balance tips, however slightly, in favor of the party with the burden of proof, so that the fact is more likely true than not true, that fact will have been proved by a preponderance of evidence.

You may have heard the phrase proof beyond a reasonable doubt.  This is the standard of proof required in a criminal trial; that requirement does not apply in a civil case such as this.

## <u>INSTRUCTION 74-1</u>
## <u>WHAT IS and IS NOT EVIDENCE</u>

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your spouse?" You would not be permitted to consider as true the assumed fact that

he or she ever beat the spouse, unless the witness himself or herself indicated he or she had done so, or unless there was some other evidence in the record that they had beaten their spouse.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness' credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations are intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

You may not consider exhibits marked as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements that I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits introduced into evidence that you have seen.

**Authorities**: *United States v. Aluminum Co. of America*, 1 F.R.D. 62 (S.D.N.Y. 1939); *Sims v. Greene*, 161 F.2d 87 (3rd Cir. 1947); *Rodriguez v. Olin Corp.*, 780 F.2d 491, 496 (5th Cir. 1986); *United States v. State of Texas*, 523 F. Supp. 703 (E.D. Tex. 1981); *Haines v. Powermatic Houdaille, Inc.*, 661 F.2d 94 (8th Cir. 1981); *Rasmussen Drilling, Inc.*, *v. Kerr-McGee Nuclear Corporation*, 571 F.2d 1144 (10th Cir. 1978), *cert. denied*, 439 U.S. 862 (1978).

## INSTRUCTION 74-2
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

I told you that evidence comes in various forms—such as the sworn testimony of witnesses, exhibits, and stipulations. In addition, there are two different kinds of evidence—direct evidence and circumstantial evidence.

Direct evidence can prove a material fact by itself. It doesn't require any other evidence. It doesn't require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what he or she saw, heard, or felt. In other words, when a witness testifies about what is known from his/her own personal knowledge by virtue of his/her own senses, what he or she sees, touches, or hears—that is direct evidence. The only question is whether you believe the witness's testimony. A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference. You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is the opposite of direct evidence. It cannot prove a material fact by itself. Rather, it is evidence that tends to prove a material fact when considered together with other evidence and by drawing inferences. There is a simple example of circumstantial evidence that is often used in the federal courts.

Assume that when you got up this morning it was a nice, sunny day. But when you looked around you noticed that the streets and sidewalks were very wet. You had no direct evidence that it rained during the night. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had rained during the night.

Not all circumstantial evidence presents such a clear compelling inference; the strength of the inferences arising from circumstantial evidence is for you to determine. It is for you to decide how much weight to give to any evidence.

-8-

Inferences from circumstantial evidence may be drawn on the basis of reason, experience, and common sense. Inferences may not, however, be drawn by guesswork, speculation, or conjecture.

The law does not require a party to introduce direct evidence. A party may prove a fact based entirely on circumstantial evidence or upon a combination of direct and circumstantial evidence. Circumstantial evidence is not less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are, and in arriving at your verdict.

## INSTRUCTION 74-4
## STIPULATION OF FACTS

A stipulation is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

## INSTRUCTION 74-14
## DEPOSITIONS

Some of the testimony before you is in the form of deposition testimony that has been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adverse party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

## INSTRUCTION 75-1
## INFERENCES

In their arguments, the attorneys have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other

-9-

fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The Plaintiff asks you to draw one set of inferences, while the Defendants ask you to draw another.  It is for you, and you alone, to decide what inferences, if any, you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, is permitted to draw— but not required to draw—from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to have been proved, such reasonable inferences as would be justified in light of your experience.

**INSTRUCTION 76-1**
**PJI 1:22; 1:92[4]**
**WITNESS CREDIBILITY**

You have had the opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  It must also be obvious to you that all of the allegations asserted by both sides cannot be true and this is

---

[4] These are references to the New York Pattern Jury Instructions: Civil, 3rd ed. (2016).

8415607v.1

where you play your role as jurors.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and importance of each witness's testimony.

How do you determine where the truth lies?  You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright, and candid or evasive and edgy, as if hiding something? How did the witness appear?  What was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying?  Often it is not what a person says, but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party, as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

You have heard the testimony of witnesses who are civilians and the testimony of

witnesses who are police officers.  At the time of the occurrence involved in this case the police officers were employees or former employees of the City of White Plains.  The fact that these witnesses were or still are employed as police officers by the City of White Plains, a Defendant in this case, may be considered by you in determining whether their testimony was in any way influenced by their employment relationship with the City of White Plains.  In evaluating this testimony, you are to apply the same standards of evaluation to each witness.  You shall not give any greater or lesser weight to the testimony of a witness solely because of his or her occupation as a police officer.

If you find that any witness has testified falsely as to any material fact, you may disregard that witness's entire testimony.  Or, you may disregard so much of it as you find was untruthful, and accept so much of it as you find to have been truthful and accurate.

**Authorities:** *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 628 (1944); *Dyer v. MacDougall*, 201 F.2d 265, 269 (2d Cir. 1952).

### INSTRUCTION 76-2
### BIAS

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

### INSTRUCTION 76-3
### INTEREST IN THE OUTCOME

In evaluating the credibility of the witnesses, you should take into account any evidence

that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

### INSTRUCTION 76-4
### DISCREPANCIES IN TESTIMONY

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony.  On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself.  It is also a fact that two people witnessing an event will see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

-13-

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony.  You should, as always, use common sense and your own good judgment.

**INSTRUCTION 76-5**
**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

You have heard evidence that at some earlier time a witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

In evaluating the credibility of the witnesses, you should take into account any evidence that the witness may benefit from the outcome of the case.  The fact that he or she is interested in the outcome of the case does not mean that he or she has not told the truth.  It is for you to

-14-

determine from his or her demeanor on the stand, and in such other tests as your experience

dictates, whether or not his or her testimony has been colored intentionally or unintentionally by

his or her interest.  You are at liberty, if you deem it proper under all the circumstances to do so,

to disbelieve the testimony of such a witness even though it is not otherwise impeached or

contradicted.  However, you are not required to disbelieve such a witness, and may accept all or

such part of his or her testimony as you deem reliable and reject such part as you deem unworthy

of acceptance.

**INSTRUCTION 76-9**
**EXPERT WITNESSES**

In this case, I have permitted certain witnesses, primarily expert witnesses, to express

their opinions about matters that are at issue.  A witness may be permitted to testify to an opinion

on matters about which he or she has special knowledge, skill, experience, and training.  Such

testimony is presented to you on the theory that someone who is experienced and knowledgeable

in the field can assist you in understanding the evidence or in reaching an independent decision

on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or

her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily

apply when you are deciding whether or not to believe a witness's testimony.  You may give the

opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in the

case.  You should not, however, accept opinion testimony merely because I allowed the witness

to testify concerning his or her opinion.  Nor should you substitute it for your own reason,

judgment and common sense.  The determination of the facts in this case rests solely with you.

**INSTRUCTION 87.03**
**FEDERAL CIVIL RIGHTS CLAIMS UNDER SECTION 1983**

Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. § 1983.  The statute

provides a remedy for individuals who have been deprived of their federal constitutional rights

under color of state law. Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any
> citizen of the United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the [United States]
> Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a federal remedy for persons who have been deprived by state

officials or someone acting under color of state law of rights secured to them by the United

States Constitution.

**INSTRUCTION 87-68**
**ESSENTIAL ELEMENTS OF A SECTION 1983 CLAIM**

To establish his claim under section 1983, the Plaintiff must demonstrate, by a

preponderance of the evidence, the following three elements:

First, that the acts complained of were committed by the Defendants acting under color of

state law;

Second, that in committing these acts, Defendants deprived Plaintiff of a right protected

by the Constitution of the United States; and

Third, that the Defendants' acts were a proximate cause of the injuries and damages

sustained by Plaintiff.

I will explain each of these elements to you.

**INSTRUCTION 87-69**
**FIRST ELEMENT: ACTION UNDER COLOR OF STATE LAW**

As to the first element—whether the Defendants were acting under color of state law—

there is no dispute in this case that during the events at issue here Defendants were, at the time, employed by the City of White Plains and acting under color of law.  This element is uncontested.  The parties do not dispute that at the time of the incident, the Defendants were acting in their capacities as police officers and within the scope of their duties as police officers.

## INSTRUCTION 87-74
## SECOND ELEMENT: DEPRIVATION OF RIGHT

The second element of the Plaintiff's claim is that Defendants, in committing the acts complained of, intentionally or recklessly deprived Plaintiff of a federal right.  In order for the plaintiff to establish this second element, he must show that those acts that you have found the defendants took under color of state law caused the plaintiff to suffer the loss of a federal right; and that the defendants performed these acts intentionally or recklessly, rather than accidentally.

## INSTRUCTION 87-76
## STATE OF MIND—INTENTIONAL

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason.  Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.

## INSTRUCTION 87-77
## STATE OF MIND—RECKLESSNES

An act is reckless if done in conscious disregard of its known probable consequences. In other words, even if a defendant did not intentionally seek to deprive a plaintiff of the plaintiff's rights, if nevertheless he purposely disregarded the high probability that his actions would deprive the plaintiff of the plaintiff's rights, then the second essential element would be satisfied.

8415607v.1

<u>INSTRUCTION 87-79</u>
<u>THIRD ELEMENT: PROXIMATE CAUSE</u>

The third element that Plaintiff must prove is that the Defendants' acts were a proximate cause of the injuries sustained by Plaintiff. An act is a proximate cause if it was a substantial factor in bringing about the injury. You must determine whether injury or damage suffered by Plaintiff was a reasonably foreseeable consequence of the Defendants' actions.

<u>INSTRUCTION ON EXCESSIVE FORCE</u>
<u>FOURTH AMENDMENT STANDARD</u>

<u>Revised Joint Request:</u>

Plaintiff's excessive force claim has two parts. First, plaintiff contends that Sgt. Larrier and Officer Wenzel applied handcuffs too tightly. Second, plaintiff contends that Sgt. Larrier and Officer Wenzel used excessive force, *i.e.,* an amount of force that was objectively unreasonable, when they led plaintiff, who was handcuffed, out of the building.

These claims are governed by the Fourth Amendment to the United States Constitution. Under the Fourth Amendment, a law enforcement official may only employ the amount of force reasonably necessary under the circumstances – that is, the amount of force an objectively reasonable officer would use in the same circumstances. *Graham v. Connor,* 490 U.S. 386, 396-97 (1989). In determining the reasonableness of the officer's actions, you must look to his knowledge of the circumstances immediately before and at the moment he made the decision to use force. *Id.*

You should consider that a police officer is often called upon to make quick judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is appropriate in a particular situation. *Graham,* 490 U.S. at 396-397. That being the case, an officer's decisions should not be evaluated with 20/20 hindsight, but from the perspective of an

objectively reasonable officer on the scene and at the time.  *Id.*  An officer need not necessarily choose the least intrusive alternative or amount of force available, so long as what he does choose is within that range of conduct identified as reasonable.

In making this determination, you should not take into account the Officers' underlying, subjective motivations, if any.  The only question is whether the force used was objectively reasonable in light of the facts and circumstances at the time.  *Graham,* 490 U.S. at 396-397. So you must not consider whether the Officers acted in good faith or bad faith or whether they thought their own actions were reasonable.  You must make your determination on this claim from the perspective of an objectively reasonable officer in the same circumstances as Sgt. Larrier and Officer Wenzel.  *Id.*  An officer's bad intention will not make a constitutional violation out of an objectively reasonable use of force, nor will an officer's good intention make an objectively unreasonable use of force constitutional.  *Id.*

## **INSTRUCTION 87-67**
## **BURDEN OF PROOF**

The Plaintiff has the burden of proving each element of his Section 1983 claim by a preponderance of the evidence. To prove an assertion by a preponderance of the evidence means proving that it is more likely true than not true.  If you find that any of the essential elements of plaintiff's Section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

## **QUALIFIED IMMUNITY ON**
## **EXCESSIVE FORCE/BATTERY**

Defendants intend to rely on the defense of qualified immunity.  As the Second Circuit held in *Zellner v. Summerlin,* 494 F.3d 344 (2d Cir. 2007), at *Stephenson v. Doe,* 332 F.3d 68 (2d Cir. 2003), the issue of qualified immunity is one for the Court to determine as a matter of law.

Hence, at the close of the evidence, the defendants respectfully request the opportunity to submit special jury interrogatories which may be used to resolve any disputed facts pertinent to the question of qualified immunity upon which the Court can then determine, as a matter of law, the ultimate question of qualified immunity.

Please note that defendants are requesting a separate charge and question on the jury verdict sheet pertaining to the defense of governmental immunity and qualified immunity as applicable to the state-law claim of negligence with respect to delay of medical care.

**INSTRUCTION PJI 2:10, 2:70**
**NEGLIGENCE**

**Revised Joint Request:**

In addition to the federal claims, Plaintiff also has a state-law negligence claim against the City of White Plains, Lavalle Larrier, Paul Wenzel, and Edward Robinson for an alleged delay in and denial of medical treatment.

To prevail on a claim for negligence, Plaintiff must prove, by a preponderance of the evidence, that (i) the defendant owed Plaintiff a duty; (ii) that the defendant breached the duty; and (iii) that Plaintiff was injured as a proximate result of that breach.  *Alfaro v. Wal-Mart Stores, Inc.,* 210 F.3d 111, 114 (2d Cir. 2000).

Negligence is a lack of ordinary care.  It is a failure to use that degree of care a reasonably prudent person would have used under the circumstances.  Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.  For purposes of a negligence claim, an act or omission is regarded as a proximate cause of an injury if it was a "substantial factor in bringing about the injury, that is, if it had such an effect in producing the injury that reasonable people

-20-

would regard it as a cause of the injury.  There may be more than one cause of an injury, but to be substantial, it cannot be slight or trivial.  . . . ."  N.Y. Pattern Jury Instruction 2:70.

If you find that the Defendants owed a duty of care to plaintiff, that they failed to use that degree of care that a reasonably prudent person would have used under the circumstances, and that any such failure was the proximate cause of plaintiff's injuries, then you may hold one or more of the Defendants liable for the foreseeable consequences of his actions.  In that regard, if you find that a Defendant acted negligently in the provision of prompt medical attention for his injuries, then you may find that Defendant liable for all injuries proximately caused by his actions.

**PJI 3:3**
**BATTERY**

**Plaintiff's Suggestion:**

Plaintiff has also asserted a claim that Defendants Larrier and Wenzel battered Plaintiff. A person who intentionally touches another person, without that person's consent, and causes an offensive bodily contact commits a battery and is liable for all damages resulting from the act.

Intent involves the state of mind with which the act is done.  The intent required for battery is intent to cause a bodily contact that a reasonable person would find offensive.  An offensive bodily contact is one that is done for the purpose of harming another or one that offends a reasonable sense of personal dignity, or one that is otherwise wrongful.

In this case, there is no dispute that the Defendants Larrier and Wenzel acted jointly when handcuffs were placed on Plaintiff.  There is also no question that such contact would constitute a battery of Plaintiff. However, these Defendants contend that their actions were justified. This defense is called justification. On the issue of justification, the Defendants have the burden of establishing by a preponderance of the credible evidence that their acts were in defense of

-21-

another person and, thus, justified. In order to establish the defense of justification, the Defendants must establish that they reasonably believed that Plaintiff was about to use force against the Defendants and that the force that the Defendants used against Plaintiff was reasonable under the circumstances.

**Defendants' Objection:**

Defendants object to this instruction because the battery claim is subsumed in the federal excessive force claim.  *See Posr v. Doherty,* 944 F.2d 91, 94-95 (2d Cir. 1991).

## DEFENDANTS' REQUESTED INSTRUCTION REGARDING GOVERNMENTAL IMMUNITY FOR STATE-LAW NEGLIGENCE

"Under New York law, governmental officers are immune from tort liability based on 'official action involving the exercise of discretion even if resulting from negligence of malice.'" *Bancroft v. City of Mt. Vernon,* 672 F. Supp. 2d 391, 408 (S.D.N.Y. 2009) (citations omitted). Police officers engaging in law enforcement duties that are not ministerial in nature but rather require the exercise of judgment to choose between more than one possible course of action perform discretionary actions.  *See Doe v. Civiletti,* 635 F.2d 88 (2d Cir. 1980); *Macera v. Village Bd. of Ilion,* 2019 U.S. Dist. LEXIS 169632, at *37 (N.D.N.Y. Sept. 30, 2019); *Rodriguez v. Rodriguez v. City of New York,* 189 A.D.2d 166, 177-178 (1st Dep't 1993).  "Municipalities are immune from liability based on the discretionary acts of their employees – including police officers – provided the actions of the officers were not inconsistent with acceptable police practice." *Bancroft,* 672 F. Supp. 2d at 408.  Accordingly, if you find that the involvement of Sgt. Larrier, Officer Wenzel and Lt. Robinson with Plaintiff involved the performance of discretionary, as opposed to ministerial, actions and that each officer acted consistently with acceptable police practices during those interactions, then you must find them immune from liability for the state-

law negligence claim.  *Bancroft v. City of Mt. Vernon,* 67 F. Supp. 2d 391, 408 (S.D.N.Y. 2009).[5]

## DEFENDANTS' REQUESTED INSTRUCTION REGARDING
## QUALIFIED IMMUNITY FOR STATE-LAW NEGLIGENCE

In addition to the governmental immunity discussed above, Police officers performing

discretionary, as opposed to ministerial acts, are entitled to qualified immunity from liability from

a claim for negligence unless there is evidence that the officer acted in bad faith or with the lack

of any reasonable basis for his action.  *See McCormack v. City of New York,* 80 N.Y.2d 808, 811

(1992).  In addition, "[p]olice officers performing law enforcement activities requiring the exercise

of discretion are afforded qualified immunity from liability for negligence claims provided that the

officers' actions are not inconsistent with acceptable police practice."  *Parrish v. City of New York,*

2015 N.Y. Misc. LEXIS 2556, at *6-7 (N.Y. Civil Ct. Kings Co. July 13, 2015), citing *Lubecki v.*

*City of New York,* 304 A.D.2d 224, 233-234 (1st Dep't 2003); *Rodriguez v. City of New York,* 189

A.D.2d 166, 177-178 (1st Dep't 1993).

Accordingly, if you find that Lt. Robinson, Sgt. Larrier and Officer Wenzel, or any one of

them, did not act in bad faith, or had a reasonable basis for their actions, or acted consistently with

acceptable police practice under the circumstances confronting them at the time, then they are

entitled to qualified immunity from plaintiff's state-law negligence claims.  If you find that

plaintiff has proven each element of his negligence claim by a preponderance of evidence and that

the individual defendant or defendants are not entitled to qualified immunity, then you will find

---

5.  Where individual officers are found to be immune, there is "no basis to hold [their municipal employer, here the City of White Plains] liable for their conduct under the doctrine of *respondeat superior."  Bancroft v. City of Mt. Vernon,* 672 F. Supp. 2d 391, 409 (S.D.N.Y. 2009) (citations omitted); *see also McColley v. County of Rensselaer,* 2012 U.S. Dist. LEXIS 62905, at *57-57 (N.D.N.Y. May 12, 2012) (where all state-law claims against individual defendants were dismissed, including some on qualified immunity, there was no basis to support *respondeat superior* claim against the municipal employer).

for Plaintiff on the claim of negligence as against such individual defendant.

**Plaintiff's Objection:**

Plaintiff objects to both the governmental immunity and qualified immunity instructions regarding the negligence claim for delay of medical care.  Plaintiff contends that the approach taken by Judge Castel in *Bah v. City of New York,* 13-CV-6690 should apply.

## PROPOSED INSTRUCTIONS ON COMPENSATORY DAMAGES

A.    Defendants' Proposal

Defendants propose the instruction 87-87, set forth in Sand, Modern Federal Jury Instructions – Civil.  It reads as follows:

If the plaintiff has proved all three essential elements of his Section 1983 claim, and you find that the defendant is not entitled to qualified immunity, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a proximate result of the defendant's misconduct.

You shall award damages only for those injuries that you find plaintiff has proven by a preponderance of the evidence.  Moreover, you may not simply award damages for *any* injury suffered by plaintiff—you must award damages only for those injuries that are a proximate result of conduct by the defendant that you find violated plaintiff's federal rights under color of law.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

B.    Plaintiff's Suggestion

If the plaintiff has proved all three essential elements of his Section 1983 claim or state law claims, and you find that the defendant is not entitled to qualified immunity, then you must

award him a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a proximate result of the defendants' conduct.

You shall award damages only for those injuries that you find plaintiff has proven by a preponderance of the evidence.  The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss that resulted from the defendants' violations of plaintiff's rights.  You may award damages for those injuries that you find plaintiff has proven by a preponderance of the evidence to have been the direct result of culpable conduct by a defendant.

These are known as "compensatory damages."  Compensatory damages seek to make plaintiff whole--that is, to compensate him for the damage that he has suffered and will continue to suffer.  Compensatory damages may include, for example, damages for pain and suffering, mental anguish, economic loss, and medical expenses.

In awarding compensatory damages, you must be guided by dispassionate common sense.  Computing damages may be difficult; but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require plaintiff to prove the amount of him losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  In sum, your award of compensatory damages should reasonably compensate plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained or is reasonable likely to sustain in the future as a direct result of the defendants' culpable conduct.

> Source: the instructions set forth in this section are adapted from those given by Judge Allyne R. Ross in <u>Atkins v. City of New York</u>, 91 CV 2465 (ARR) (E.D.N.Y. January 1995), *rev'd on other grounds*, 143 F.3d 200 (2d Cir. 1995).

<u>**INSTRUCTION 87-90**</u>
<u>**MITIGATION OF DAMAGES**</u>

<u>**Defendant's Suggestion:**</u>

If you find that the plaintiff was injured as the direct result of conduct by the defendant, you must determine whether the plaintiff could have done something, after the injurious conduct, to lessen the harm that he suffered.  The burden is on the defendants to prove, by a preponderance of evidence, that the plaintiff could have lessened the harm that was done to him, and that he failed to do so.  If the defendant convinces you that the plaintiff could have reduced the harm done to him but failed to do so, the plaintiff is entitled only to damages sufficient to compensate him for the injury that he would still have suffered even if he had taken appropriate action to reduce the harm done to him.

<u>**Plaintiff's Objection:**</u>

Plaintiff objects to this instruction.  It may apply to economic losses but not to pain and suffering.

<u>**INSTRUCTION 87-92**</u>
<u>**PUNITIVE DAMAGES**</u>

Whether or not you award the plaintiff actual damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person. The plaintiff has the

8415607v.1

burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him, or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar outrageous conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.  You should also consider whether actual damages, standing alone, are likely to deter or prevent this defendant from similar wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful outrageous acts similar to those defendant may have committed.

At this stage you need only determine whether or not to award punitive damages.  If you decide to award punitive damages, after you return that verdict you will separately hear some brief testimony and some brief arguments regarding the amount of punitive damages that should

be awarded, and then you will again retire to deliberate on that issue.[6]

## PJI 2:235
## RESPONDEAT SUPERIOR

**Plaintiff's Suggestion:**

With respect to the state law claims of battery, Plaintiff also seeks to hold the City of White Plains responsible for the acts of its employees, the named Defendants. An employer is responsible for the acts of its employees if the act is within the furtherance of the employer's business and is within the scope of the employee's authority.  An act is within the scope of an employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment.  The employer need not have authorized the specific act in question.

If you find that the named Defendants were acting as police officers and within the scope of their employment and that they wrongfully battered Plaintiff, then you may hold the City of White Plains responsible for the Defendants actions.

**Defendants' Objection:**

As respondeat superior liability would follow as a matter of law if the jury found the individual defendants liable on any of the state-law claims, there is nothing for the jury to decide, and hence no reason to submit this charge.

## PJI 2:277
## DAMAGES
## PURPOSE TO COMPENSATE

**Plaintiff's Suggestion:**

My charge to you on the law of damages must not be taken as a suggestion that you should find for the Plaintiff, or that I hold an opinion either in favor or against the Plaintiff or

---

[6] This last paragraph is based on the charge in *Chamberlain v. City of White Plains*.

Defendant in this case.  It is for you to decide on the evidence presented and the rules of law I have given you whether the Plaintiff is entitled to recover from the Defendant.  If you decide that the Plaintiff is not entitled to recover from the Defendant, you need not consider damages.  Only if you decide that the Plaintiff is entitled to recover will you consider the measure of damages.

If you find that the Plaintiff is entitled to recover from the Defendants, then you must render a verdict in a sum of money that will justly and fairly compensate the Plaintiff for all losses resulting from the injuries sustained.  This is the measure of redress our civil system of justice provides and this law must be followed by you.

The goal is to restore the injured party, to the extent possible, to the position that he or she would have been occupied had he or she not been injured.  You are to rely upon the evidence and be fair to both sides and use your everyday good common sense in evaluating the injuries. The simple rule relating to damages is to award as nearly as possible a just and fair compensation for the injuries that exist insofar as that Plaintiff is concerned.

**Defendants' Objection:**

Defendants would not charge separately on state-law damages.

**PJI 2:278**
**DAMAGES – PUNITIVE**

**Plaintiff's Suggestion:**

In addition to awarding damages to compensate the Plaintiff for Plaintiff's injuries, you may, but are not required to, award the Plaintiff punitive damages if you find that the acts of the Defendants that caused the injuries complained of were wanton, reckless, or malicious.  The purpose of punitive damages is not to compensate the Plaintiff, but to punish the Defendants for their wanton, reckless and malicious actions and thereby to discourage the Defendants and others from acting in a similar way in the future. An act is malicious when it is done deliberately with

-29-

knowledge of the rights of Plaintiff, and with the intent to interfere with those rights.  An act is

wanton and reckless when it demonstrates a conscious indifference and utter disregard of its

effect upon the health, safety, and rights of others.

**<u>Defendants' Objection</u>:**

Defendants would not charge separately on state-law punitive damages.

*    *    *

Dated:  White Plains, New York
        January 6, 2022

Respectfully submitted,

| | |
|---|---|
| NEWMAN & FERRARA, LLP<br>Attorneys for Plaintiff<br><br><br>/s/  Randolph McLaughlin<br><br>_____<br>Randolph McLaughlin<br>Debra Cohen<br><br>1250 Broadway, 27th Floor<br>New York, New York  10001<br>United States of America<br>(212) 619-5400 | WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER LLP<br>Attorneys for Defendants<br><br>/s/  Lalit K. Loomba<br><br>_____<br>Peter A. Meisels<br>John M. Flannery<br>Lalit K. Loomba<br><br>1133 Westchester Avenue<br>White Plains, NY  10604<br>Tel: (914) 323-7000<br>Our File No.  00479.06449 |

-30-